UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICKEY RICHIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 2:18-CV-396 |
| | ) |
| KURT WILSON AND K'S CONSTRUCTION SPECIALIST, INC., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Mickey Richie ("Richie"), brings claims against Defendants, Kurt Wilson and K's Construction Specialist, Inc. ("Wilson", "Company"" or collectively "Defendants"), as follows:

## OVERVIEW

1. This Complaint arises under the Fair Labor Standards Act, 29 U.S.C. §201 et. Seq. ("FLSA") and the Indiana Minimum Wage Law of 1965, I.C. §22-2-2 ("IMWL"). Defendant violated the FLSA by failing to pay Richie an overtime wage required by federal and state law. Richie pleads violations of the Indiana Minimum Wage Law of 1965 in the alternative.

Additionally, Richie additionally pleads that Wilson has defamed his character and reputation by publishing false allegations to third parties about Richie.

## PARTIES

2. Richie is an individual who, at all relevant times, worked in or around Valparaiso, Indiana. He was employed by Defendants within the meaning of the FLSA during the three-year

1

period prior to the filing of this Complaint.  At all times hereinafter mentioned, Richie was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).  Moreover, Richie was an employee as defined by I.C. §22-2-2-3.

3. Defendant is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).  Alternatively, Richie's work regularly involved commerce between states.  Moreover, Conpany is an "employer" as that term is defined by the Indiana Minimum Wage Law of 1965 I.C. §22-2-2-3, employing two or more employees at all times relevant to the events described in this Complaint.  Company's business is located in Valparaiso, Indiana.

4. At all times hereinafter, Company has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1).

## JURISDICTION

5. This Court has jurisdiction over Defendant pursuant to 29 U.S.C. § 216(b).  The Court has supplemental jurisdiction over Richies's Indiana state law claims pursuant to 28 U.S.C. §1367.

## VENUE

6. Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C. § 1391 as all the events arose in Valparaiso, Indiana, and the witnesses reside in or near Valparaiso, Indiana.

## FACTS

7. Richie was hired by Defendants on or about July 10, 2016.  He was employed on one of Defendant's siding crews.  As such, Richie worked regular hours, had an expectation of

being continuously employed and was provided employee benefits, including one week's vacation.

8. Defendants are in the business of framing, siding, and roofing (new) homes.

9. During the course of his employment, Richie regularly worked 6-7 day weeks and worked an inordinate amount of overtime. Defendants did not object to Richie's time cards when he submitted them. Instead, they paid Richie at only his regular rate of pay for the hours he worked

10. Richie tried to convince Defendants to do the right thing and pay him overtime. Wilson, the company president, responded by making false allegations about Richie, including that he had an affair, imputed his opinion that Richie was still a drug addict, and claimed that Richie had stolen from the Company.

11. As a result of all of the Company's misconduct, Richie resigned his employment with it.

12. The Company and/or Wilson have previously been cited by the U.S. Department of Labor for violations of the Fair Labor Standard Act

13. Richie has suffered financial harm as a result of Defendant' conduct.

## **LEGAL COUNTS**

### **COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

14. Richie incorporates paragraphs 1 – 13 herein.

15. During the relevant time period, Defendant violated the provisions of 29 U.S.C. §206 and §207 by failing to comply with the overtime wage requirements of the FLSA.

16. Richie was not paid at least time and one-half his regular rate for hours he worked in excess of forty (40) hours per week.

17. Richie was harmed by Defendant' unlawful willful and/or reckless conduct. Moreover, Defendants' conduct intentionally or recklessly violated the mandates of the FLSA.

### COUNT II: VIOLATIONS OF THE INDIANA MINIMUM WAGE LAW OF 1965

18. Richie incorporates paragraphs 1 – 17 herein.

19. Richie pleads his Indiana minimum wage law claims in the alternative.

20. At all relevant times Defendants violated the Indiana Minimum Wage Law of 1965's minimum wage provisions by failing and refusing to pay Richie at least one and half times his regular rate of pay for all hours he worked in excess of 40.

21. Defendants' conduct is willful, reckless, or indifferent to Richie's rights.

### COUNT III: DEFAMATION PER SE

22. Richie incorporates paragraphs 1 – 21 herein.

23. Wilson has made various comments about Richie – that he is a thief, that he is an adulterer, and that he is addicted to illicit drugs – without regard for the fact that none of these statements is true.

24. Richie's character and reputation have been adversely affected by Wilson's knowingly false statements.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to find in his favor and award him the following relief:

a. An Order pursuant to Section 16(b) of the FLSA and/or the Indiana Minimum Wage Law finding Defendants liable for unpaid back wages due to Plaintiff in addition to liquidated damages equal in amount to the unpaid compensation due to Plaintiff;

b.  An order awarding Plaintiff unpaid wages and any applicable penalties under Federal and Indiana law;

c.  An Order awarding Plaintiff the costs of this action;

d.  An Order awarding Plaintiff his attorney's fees;

e.  A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA and/or Indiana law by failing to comply with the minimum overtime wage requirements of the FLSA and Indiana law; and

f.  An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail:  indy2buck@hotmail.com

Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

/s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail:  indy2buck@hotmail.com

Attorney for Plaintiff